## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE JOBE,** | : | Case No.  1:16-cv-00434 |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | |
| | : | |
| **ABUBAKAR ATIQ DURRANI, M.D., ET AL.** | : | **NOTICE OF REMOVAL** |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

Defendants West Chester Hospital, LLC, and UC Health (collectively, "Defendants") hereby remove to this Court the state court action described below.  Removal is warranted under 28 U.S.C. § 1332(d)(11).  In support of removal, Defendants state as follows:

### BACKGROUND

On March 15, 2016, Plaintiff, Stephanie Jobe, commenced this action by filing a complaint in the Court of Common Pleas of Hamilton County, Ohio, bearing case number A1601540. ("Refiled Complaint") (attached hereto as **Exhibit A**).  Plaintiff alleges that Defendant, Abubakar Atiq Durrani, M.D. ("Dr. Durrani"), performed unnecessary surgery on Ms. Jobe that resulted in complications and injuries. *Plaintiffs' Refiled Complaint*, ¶¶ 21, 37-39, 399-424.  Plaintiffs also bring claims against Defendants, West Chester Hospital and UC Health, for negligence, negligent credentialing, supervision, and retention, fraud, and spoliation of evidence. See *Plaintiffs' Refiled Complaint*, ¶¶ 465-528.  Plaintiffs originally filed their action against Defendants in the Butler County, Ohio Court of Common Pleas, alleging claims nearly identical to those in this refiled action. See *Jobe v. Durrani, et al.*, Butler County, Ohio Common Pleas Case No. CV 2014 01 0339 (Jan. 31, 2014) (Original Complaint attached hereto as **Exhibit F**).  That action was

voluntarily dismissed, pursuant to Ohio R. Civ. P. 41(A), and, as noted above, has since been re-filed in the Hamilton County, Ohio Court of Common Pleas.

This case is one of hundreds of nearly identical suits against the Defendants. Some of these cases were filed in the Hamilton County, Ohio Court of Common Pleas. Others were originally filed in Butler County, Ohio Court of Common Pleas and then voluntarily dismissed by Plaintiffs and re-filed in the Hamilton County, Ohio Court of Common Pleas, leaving approximately 40 cases pending in the Butler County, Ohio Court of Common Pleas. Each of the cases re-filed in the Hamilton County, Ohio Court of Common Pleas was assigned to Judge Robert Ruehlman.

On December 7, 2015, in preparation for a December 14, 2015 case management conference regarding all of the Hamilton County cases (including those re-filed after being dismissed in Butler County), Plaintiffs' counsel submitted to Judge Ruehlman a lengthy "binder," which included, among other things, a number of motions, descriptions of Plaintiffs' counsel's positions on various pre-trial issues, and lists of cases currently pending or which were to be filed. See *Plaintiffs' Binder for December 14, 2015 Case Management Conference* ("Binder") (attached hereto as **Exhibit B**). In all, Plaintiffs' counsel claimed to represent Plaintiffs in some 520 individual cases as part of this litigation, including 172 already filed in Hamilton County, 258 that Plaintiffs' counsel planned to dismiss in Butler County and re-file in Hamilton County, and 40 more Butler County cases that were the subject of a pending motion to transfer to Hamilton County as of December 7.[1] *Id.*, pp. 8, 19-29, 209-23, 226-235.

In their "Binder" submission Plaintiffs unambiguously requested that Judge Ruehlman set

---

[1] This motion was later denied. Plaintiffs have filed a motion for reconsideration in each of those cases.

"ALL" of these cases for one single, combined trial or, at a minimum, several smaller group trials. See, e.g., *Binder*, p. 179-80 (listing "[o]ne scheduled trial for ALL cases [to begin] August 1, 2016" as Plaintiffs' top choice in a list of their "Preferences in Order of Preference for Trial Settings"); *id.*, p. 180 (listing "Group Trials with Many Options" as Plaintiffs' second choice); *id.*, p. 126 (stating that "[t]he Court has many options [for setting trial dates, including] [s]chedul[ing] one trial. . . . [or] [s]et[ting] trials by groups . . . ."); *id.*, pp. 153-177 (attaching and citing *Suida v. Howard*, Nos. C-000656, C-000687, 2002 WL 946188 (Ohio Ct. App. May 10, 2002) for the proposition that "group trials [are] allowed]").

Although Judge Ruehlman did not grant Plaintiffs' request for a single trial, in his December 15, 2015 General Order, he scheduled several trials as follows:

> 1) **February 29, 2016**: trial in *Mike & Amber Sand v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506694;
>
> 2) **February 29, 2016**: trial in *Leona Beyer v. Abubakar Atiq Durran, et al.*, Hamilton County Common Pleas Case No. A 1407452;
>
> 3) **March 14, 2016**: trial in *Steven Andrew Schultz v. Abubakar Atiq Durrani, et al.*, Hamilton County Common Pleas Case No. A 1506861;
>
> 4) **May 2, 2016**: trial in 14 cases involving Cincinnati Children's Hospital Medical Center;
>
> 5) **August 1, 2016**: trial in 24 cases involving "West Chester/UC Health and any hospital named as a Defendant in the C1C2/False Pannus cases";
>
> 6) **January 2, 2017**: a "massive group trial" in "all remaining Dr. Durrani cases," which "could take six months to a year."

*General Order on all Dr. Durrani Hamilton County Cases for Case Management Conference December 14, 2015*, Hamilton County Common Pleas Case No. A1506577 ("General Order") (attached hereto as **Exhibit C**), pp. 11-15.  By proposing a joint trial of the claims of over 100 Plaintiffs, Plaintiffs created a "mass action," as defined in 28 U.S.C. § 1332(d)(11), making this

case (and the hundreds of others covered by the proposal) removable.

## THIS CASE IS REMOVABLE AS PART OF A MASS ACTION

This case is removable as part of a mass action, pursuant to the mass action provisions of the diversity jurisdiction statute, 28 U.S.C. § 1332(d)(11).  A removable mass action meets the following requirements:

a.  It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

b.  The aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs exceed $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

c.  Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

These requirements are satisfied here.

**A.**     **The Plaintiffs' Binder in the Hamilton County Action Proposed a Joint Trial of the Claims of 100 or More Persons**

This case is removable as part of a mass action.  In the Binder submitted to Judge Ruehlman, Plaintiffs' counsel explicitly proposed that this case be tried jointly with hundreds of other cases.  See 28 U.S.C. § 1332(d)(11)(B)(i); *Binder*, pp. 126, 153-177, 179-80.  Plaintiffs' counsel based this request on their belief that these cases involve common questions of law or fact. See 28 U.S.C. § 1332(d)(11)(B)(i); *Binder*, p. 179-80 (listing factors that all of the cases proposed to be tried jointly "have in common"); *id.*, p. 186 ("The claims against the hospital Defendants are the same in each case. It's silly to try the same fact issue against the hospital to 500 juries."); *id.*, p. 187 (listing factors "common to all cases").  Thus, the first mass action requirement is satisfied.

This element is met even though this case has just one plaintiff (indeed, most of the cases that were proposed to be tried jointly have just one plaintiff). The Sixth Circuit has not addressed

this issue; however, the Seventh, Eighth, and Ninth Circuits have explicitly approved mass action removal of individual actions where each includes fewer than 100 plaintiffs, but the actions are proposed to be tried jointly and, combined, involve at least 100 plaintiffs. See *In re Abbott Labs., Inc.*, 698 F.3d 568, 570-71 (7th Cir. 2012) (removal proper in mass action consisting of ten cases with fewer than 100 plaintiffs each, where, combined, the cases involved several hundred plaintiffs); *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161-62 (8th Cir. 2013) (removal proper in mass action consisting of three suits, each involving fewer than 100 plaintiffs, even though each case involved fewer than 100 plaintiffs); *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1220 (9th Cir. 2014) (removal proper in mass action consisting of several cases, each of which had fewer than 100 plaintiffs but had "far more than 100 plaintiffs when considered together").

Further, removal is proper over all cases that Plaintiffs proposed be tried jointly, including those that are not part of the "massive group trial" set for January 2, 2017. The relevant inquiry is whether Plaintiffs **proposed** a joint trial of the claims of 100 or more plaintiffs, **not** whether the claims of 100 or more plaintiffs are **actually** adjudicated together in a single trial. As the Seventh Circuit has noted:

> A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside § 1332(d)(11). Recall the language of § 1332(d)(11)(B)(i): any "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly" is treated as a "class action". . . . *The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly.*

*Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added); *see also Atwell*, 740 F.3d at 1163 (approving of *Bullard* and noting that "construing the statute to require a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct'"); *In re Abbott*, 698 F.3d at 573 ("[I]t does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.'" (quoting

*Bullard*, 535 F.3d at 762)). Thus, the fact that that Judge Ruehlman scheduled two individual trials as well as two group trials for 14 and 24 plaintiffs is irrelevant. Plaintiffs' proposal, standing alone, satisfies the first requirement of mass action removal as to each and every case included in that proposal.

**B.    The Amount in Controversy Is Satisfied**

Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are satisfied.  *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i).  It is apparent from the face of Plaintiff's Complaint and the claimed "catastrophic injuries" alleged by Plaintiff therein that the amount in controversy exceeds $75,000 for this Plaintiff, individually. *Plaintiff's Complaint,* Prayer for Relief ¶¶ 1-16; *Pierce v. Durrani*, Hamilton County, Ohio Common Pleas Case No. A1200265 (Feb. 19, 2014) (companion case involving only Defendants, Abubakar Durrani, M.D. and CAST) (Judgment Entry attached hereto as **Exhibit D**).  Where, as here, plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied.  See *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); see*, e.g., Smith v. Wyeth, Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007); *accord Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663, at *2 (E.D. Pa. Apr. 22, 2009).  This is especially true, where, as here, there is a demand for punitive damages. See *Plaintiff's Complaint*, Prayer for Relief ¶ 11; *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) ("As a general rule, [amount-in-controversy] analysis must also take into account the ability of [plaintiffs] to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered.").  Because Plaintiff's claims in this matter exceeds $75,000, the aggregate amount in controversy for the mass action, which embraces the claims of approximately 500 individuals who proposed to have their claims tried jointly (and whose respective claims each also exceed $75,000), easily exceeds $5,000,000.  Accordingly, the amount-in-controversy requirement is satisfied.

**C.    The Diversity Requirement Is Satisfied**

The diversity requirement for mass action removal is also met. *See* 28 U.S.C. §

1332(d)(2)(A), (d)(11)(A).  For removal of a mass action, only "minimal diversity" is required, *i.e.*, at least one plaintiff must be diverse from one defendant. *See id.*  In this particular instance, at least one Defendant, West Chester Hospital, is a citizen of Ohio for purposes of diversity, and, Plaintiff is a citizen of California.  Moreover, with respect to the larger mass action, other Plaintiffs, such as Steven Andrew Schultz, who is a citizen of Indiana, likewise establish diversity in these cases. See *Schultz v. Durrani et al.*, Hamilton County Common Pleas Case No. A1506861 (Dec. 16, 2015) (Complaint attached hereto as **Exhibit E**).  Therefore, all the jurisdictional requirements of mass action removal are satisfied.

## ALL REMOVAL PROCEDURES ARE SATISFIED

Plaintiffs submitted to Judge Ruehlman their Binder in which they proposed a joint trial of the claims of more than 100 Plaintiffs on December 7, 2015.  They e-mailed a copy of said Binder to Defendants on that same date.  Accordingly, this removal is timely, since it occurred "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3).

While not required for mass action removal, it appears that all Defendants in this action consent to and/or join in this removal. See 28 U.S.C. §§ 1332(d)(11), 1453(b).

With respect to mass action jurisdiction, removal is not barred by the Ohio citizenship of any Defendants.  See 28 U.S.C. § 1453(b).

The only pleading filed and served on Defendants in this lawsuit is the Plaintiffs' Refiled Complaint, which is attached as **Exhibit A**. See 28 U.S.C. § 1446(a).

Written notice of this removal is being provided to all adverse parties and is being filed with the clerk of the Hamilton County Court of Common Pleas.  See 28 U.S.C. § 1446(d).

Defendants hereby reserve their right to amend this notice of removal.

**WHEREFORE**, Defendants respectfully remove this action from the Common Pleas Court of Hamilton County, in the State of Ohio, to this Court.

Respectfully submitted,

RENDIGS, FRY, KIELY & DENNIS, LLP

_____

Jeffrey M. Hines (0070485)(JMH@Rendigs.com)
Karen A. Carroll (0039350)(KAC@Rendigs.com)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Ph: (513) 381-9200 / Fx: (513) 381-9206
*Counsel for Defendants,*
*West Chester Hospital, LLC and UC Health*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on March 28, 2016, through the CM/ECF System for the United States District Court for the Southern District of Ohio. I hereby further certify that on this same date the foregoing document was also served electronically through the Court's CM/ECF System to all counsel of record and has been served via ELECTRONIC MAIL ONLY upon the following:

Matthew J. Hammer, Esq.
Lindsay L. Boese, Esq.
THE DETERS LAW FIRM
5247 Madison Pike
Independence, KY 41051
*Counsel for Plaintiffs*
Email: mhammer@ericdeters.com
Email: lboese@ericdeters.com

Michael F. Lyon, Esq.
James F. Brockman, Esq.
David E. Williamson, Esq.
Matthew J. Karas, Esq.
LINDHORST & DREIDAME
312 Walnut St., Suite 3100
Cincinnati, OH 45202
*Attorneys for Defendants,*
*Abubakar A. Durrani, M.D. and*
*Center for Advanced Spine Technologies, Inc.*
Email: mlyon@lindhorstlaw.com
Email: jbrockman@lindhorstlaw.com
Email: dwilliamson@lindhorstlaw.com
Email: mkaras@lindhorstlaw.com

_____

Jeffrey M. Hines (0070485)

11770\00054\1478278